IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| COMERCIAL RIAMEY CENTRO CAMBIARIO, S.A. de C.V. | § § § |
| V. | § § CIVIL CASE NO. _____ |
| EAGLE SMART SOLUTIONS, LLC and WESTCHESTER FIRE INSURANCE COMPANY | § § § § § |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comercial Riamey Centro Cambiario, S.A. de C.V., ("Riamey" or "Plaintiff"), complains of Eagle Smart Solutions, LLC, ("Eagle") and its surety, Westchester Fire Insurance Company ("Westchester") and in support of its complaint, would show the Court as follows:

### PARTIES

1. Plaintiff is a Mexican corporation. Its domicile and principal business place is Morelos 23B, Colonia Centro, Rio Verde, San Luis Potosi, Mexico 79610.

2. Eagle is a Texas limited liability company. Its domicile and principal business place is 1215 Hidalgo Street, Laredo, Texas 78040. Its registered agent is Marco A. Morales, and his address is 9813 Sandhill Dr., Unit 16, Laredo, Texas 78045. However, to the best of Plaintiff's knowledge, Marco A. Morales no longer works or has any association with Eagle. The complaint and summons may, however, be served on Gerardo Martinez, a director and officer of Eagle, at 303 East Sycamore, Laredo,

1

Texas 78041. Edelmiro J. Martinez is also a director and officer of Eagle. He may be served at address is 312 Salinas Avenue, Laredo, Texas 78040.

3.     Westchester is a corporation of the Commonwealth of Pennsylvania. Its registered agent and address for service of the complaint and summons is C T Corporation System at 436 Walnut St., Philadelphia, Pennsylvania 19106. During the material time to this action, Westchester engaged in business in Texas, as stated below. To the best of Riamey's knowledge, Westchester does not maintain a place of regular business in Texas and has not designated an agent for service of summons. As sated below, Riamey's claims against Westchester arose from or are connected with purposeful acts committed by Westchester in Texas. Westchester entered into a suretyship bond contract with Eagle, a Texas limited liability company, and Westchester is required to perform the contract in whole or in part in Texas. Under Tex. Civ. P. Rem. Code § 17.044, the Texas Secretary of State is an agent for service of process of Westchester. Westchester established minimum contacts with Texas. The exercise of jurisdiction over Westchester would comport with traditional notions of fair play and substantial justice.

## JURISDICTION

4.     The Court has jurisdiction under 28 U.S.C § 1332 (diversity jurisdiction) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The action is between citizens of a State and citizens or subjects of a foreign state.

## VENUE

5. This district, and division, is a proper venue under 28 U.S.C. § 1391 (b) (1) and (2). Eagle is a Texas limited liability company with its principal place of business in Laredo, Texas. The venue is also proper in this district and division because a substantial part of the events or omissions giving rise to the claim occurred in Laredo, Texas.

## FACTS AND CAUSE OF ACTION

6. Eagle is a money transmitting and exchange business solely located in Laredo, Texas. The Texas Department of Banking issued Eagle a required license (No. 3051) under the Texas Finance Code, Chapter 51. The licensing required a surety bond under section 151.308 of the Texas Finance Code.

7. On October 3, 2012, Westchester, as surety, issued a bond (No. K08663464) to Eagle's affiliate, Laredo Transmission Solutions, LLC, also a money transmitting and exchange business solely located in Laredo, Texas. A copy of that bond is Exhibit "1." On October 13, 2018, Westchester renewed and modified the bond (No. K08663464) to place Eagle as the principal. A copy of the invoice containing language renewing the bond with Eagle as the principal is Exhibit "2."

8. The bond is for three hundred thousand dollars ($300,000.00), and it benefits any customer of Eagle. It secures Eagle's liability incurred in any currency exchange or money transmission business. Specifically, the bond secures that Eagle "will faithfully conform to and abide by the provisions of [the Texas Finance Code] and will honestly and faithfully apply all funds received and perform all obligations and undertakings in connection with any currency exchange or money transmission

business under the Code and will pay…to any customer…all money that becomes due and owing…to such person under the provisions of the Code because of any such business by the license holder under and by virtue of the provisions of the Code…"

9.  Riamey is in the currency exchange business in Mexico and was a customer of Eagle. On February 23, 2019, Riamey delivered to Eagle one hundred forty thousand two hundred dollars ($140,200.00) for an exchange to Mexican pesos. Eagle only paid back part of the amount, leaving an unpaid balance of forty-eight thousand five hundred seventy-seven dollars ($48,577.00). A copy of Eagle's receipt is Exhibit "3." Also included in Exhibit "3" is part of the declaration made to export the currency from Mexico into Laredo, Texas. On April 14, 2019, Riamey delivered to Eagle one hundred thirty-five thousand dollars ($135,000.00) for an exchange to Mexican pesos. A copy of Eagle's receipt is Exhibit "4." Also included in Exhibit "4" is the declaration made to export the currency from Mexico into Laredo, Texas. Eagle did not pay Riamey on this transaction, leaving the total amount unpaid. Eagle remains liable to Riamey for one-hundred eighty-three thousand five hundred seventy-seven dollars ($183,577.00).

### *Breach of contract*

10.  Both transactions mentioned above constitute a valid and enforceable contract between Riamey and Eagle. Riamey wholly performed its contractual obligations by delivering to Eagle the money, as stated above. Eagle breached the contract by failing to pay Riamey for the funds tendered as part of the exchange transactions. As a

result of Eagle's breach, Riamey suffered damages of one-hundred eighty-three thousand five hundred seventy-seven dollars ($183,577.00).

### *Quantum Meruit*

11. In the alternative, Eagle accepted the funds for the exchange transactions from Riamey without paying Riamey. Eagle knew that Riamey expected compensation when Eagle accepted the exchange funds from Riamey. Because Riamey expected compensation, Eagle's acceptance of the funds in the exchange transaction without payment to Riamey resulted in damages to Riamey of one-hundred eighty-three thousand five hundred seventy-seven dollars ($183,577.00).

### *Promissory Estoppel*

12. Eagle promised Riamey that Eagle would pay consideration for the currency exchange transaction. Riamey justifiably relied on Eagle's promise and delivered the funds to Eagle. Riamey seeks enforcement of Eagle's promise. Riamey's reliance on Eagle's promise resulted in injury to Riamey, which caused one-hundred eighty-three thousand five hundred seventy-seven dollars ($183,577.00) in damages.

### *Money had and received*

13. Eagle kept money that, in equity and good conscience, belongs to Riamey.

### *Action on bond*

14. Westchester issued its bond to allow Eagle to obtain its license to conduct exchange and transmission business in Texas. The bond is for the benefit of Eagle's customers. It is precisely to secure Eagle's liability incurred on any currency exchange or money transmission business. Specifically, the bond secures Eagle's liability in

currency exchanges or money transmission business.  The bond secures Eagle's liability to its customers resulting from currency exchange transactions.

15. All conditions precedent to Riamey's right to recover from Eagle and Westchester have been performed or have occurred. Eagle has failed and refused to pay Riamey per Eagle's contractual or otherwise legal obligation. Eagle unjustifiably refuses to pay Riamey, compelling Riamey to commence this action.

### *Attorney's fees*

16. Riamey is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38.  Eagle did not tender the amount owed within 30 days after presentation of the claim.

### PRAYER

Riamey, therefore, asks the Court to summon Eagle and Westchester to appear and answer. That the Court award judgment for plaintiff and against defendants for the damages sustained, attorney's fees, pre-judgment and post-judgment interest, costs of court, and such other relief to which plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Alberto Alarcon*
Alberto Alarcon
　State Bar No. 00968425
HALL QUINTANILLA & ALARCON PLLC
1302 Washington St.
Laredo, Texas 78040
Telephone No. (956) 723 5527
Facsimile No. (956) 723 8168
Email: aalarcon@sbcglobal.net